The STATE of Ohio, Appellant,

v.

LEE, Appellee.

The State of Ohio, Appellee,

v.

Lee, Appellant.

[Cite as *State v. Lee,* 180 Ohio App.3d 739, 2009-Ohio-299.]

Court of Appeals of Ohio,
Third District, Van Wert County.

Nos. 15–08–06 and 15–08–09.

Decided Jan. 26, 2009.

1524505; *Kramer v. Angel's Path, L.L.C.,* 174 Ohio App.3d 359, 2007-Ohio-7099, 882 N.E.2d 46.

Kevin H. Taylor, for appellant.

Katherine A. Szudy, for appellee.

Rogers, Judge.

{¶ 1} In case number 15–08–09, defendant-appellant, Blaine E. Lee, appeals the judgment of the Van Wert County Court of Common Pleas convicting him of having a weapon while under disability. On appeal, Lee asserts that upon dismissal of his aggravated-robbery charge at trial, the trial court should have declared a mistrial as to the charge of having a weapon while under disability. Additionally, in case number 15–08–06, plaintiff-appellant, the state of Ohio, appeals the judgment of the trial court dismissing Lee's indictment for aggravated robbery because it failed to contain the element of recklessness. On appeal, the state asserts that the trial court should not have dismissed the aggravated-robbery charge because it is a strict-liability offense, and, therefore, the element of recklessness was not required. Based upon the following, we affirm the judgment of the trial court in case number 15–08–09 and reverse the judgment of the trial court in case number 15–08–06.

{¶ 2} In August 2007, the Van Wert County Grand Jury indicted Lee on one count of having a weapon while under disability in violation of R.C. 2923.13(A)(3), a felony of the third degree, and one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree. The aggravated-robbery count specified as follows:

> Lee did, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or the theft offense, have a deadly weapon, to-wit a Ruger New Model Single Six .22 caliber revolver, on or about his person or under his control and displayed or brandished the weapon. This is a charge of Aggravated Robbery * * *.

The indictment arose from an incident during which Lee pointed a gun at a man who had just retrieved money from an ATM machine and demanded that he give him the money.

{¶ 3} In April 2008, the case proceeded to trial. On the second day of trial, the state called the trial court's attention to the recently released *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, in which the Supreme Court of Ohio held that recklessness was an essential element of the offense of robbery in violation of R.C. 2911.02(A)(2). The state averred that *Colon* was on point with the aggravated-robbery count in the case sub judice. Accordingly, the state moved to amend the indictment to include the element of "recklessness," believing this to be an essential element of aggravated robbery under *Colon*. The trial court proceeded to sua sponte dismiss the aggravated-robbery count, stating the following:

The Court in accordance with *Colon* denied the motion [to amend the indictment] for reason that an essential element of an offense (mental culpability) can only be included in an indictment by the action of a grand jury.

Based upon the representation by the State that *Colon* was on point with the issues present in [the aggravated robbery count] of the indictment, i.e., that [the aggravated robbery count] was defective without the element of "recklessness" the court, thereupon, dismissed [the aggravated robbery count] of the indictment.

{¶ 4} The trial then proceeded on the count of having a weapon while under disability, and the jury rendered a verdict of guilty. Thereafter, the trial court sentenced Lee to a five-year prison term.

{¶ 5} It is from the conviction and the trial court's dismissal of the aggravated-robbery count that Lee and the state of Ohio both appeal, presenting the following assignments of error in cases 15–08–09 and 15–08–06, respectively.

### Lee's Assignment of Error

The trial court abused its discretion and denied Blaine E. Lee his rights to due process and a fair trial when it allowed the state to continue to try Mr. Lee for the weapon-while-under-a-disability charge after dismissing the aggravated-robbery charge. Fifth and Fourteenth Amendments to the United States Constitution; Section 16, Article I of the Constitution. (June 30, 2008 judgment entry; volume ii, jury trial transcript, pp. 150–152.)

### The State's Assignment of Error

The trial court erred when it dismissed the aggravated robbery indictment because it did not contain the element of recklessness.

### Lee's Assignment of Error

{¶ 6} In his sole assignment of error, Lee contends that the trial court erred when it allowed the state to continue to try him for the charge of having a weapon while under disability after dismissing the aggravated-robbery charge. Specifically, Lee argues that he was prejudiced because the trial court did not order a mistrial on the count of having a weapon while under disability, even though the jury heard prejudicial testimony from numerous witnesses regarding Lee being a suspect for aggravated robbery. Additionally, Lee contends that the trial court committed plain error when it failed to give the jury limiting instructions concerning the aggravated-robbery testimony. We disagree.

{¶ 7} " 'Mistrials are necessary "only when the ends of justice so require and a fair trial is no longer possible." ' " (Citations omitted.) *State v.*

*Welch,* 3d Dist. No. 16–06–02, 2006-Ohio-6684, 2006 WL 3702650, ¶ 9, quoting *State v. Drummond,* 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 131, quoting *State v. Garner* (1995), 74 Ohio St.3d 49, 59, 656 N.E.2d 623. Further, failure to request a mistrial prior to the reading of the verdict waives all but plain error. *State v. Miller,* 3d Dist. No. 3–03–26, 2004-Ohio-1947, 2004 WL 829933, ¶ 26. Additionally, errors alleged in jury instructions to which no objections were made are waived in the absence of plain error. *State v. Johnson,* 3d Dist. No. 16–03–09, 2004-Ohio-1513, 2004 WL 603622, ¶ 23; Crim.R. 52. In order to have plain error under Crim.R. 52(B), there must be an error, the error must be an "obvious" defect in the trial proceedings, and the error must have affected "substantial rights." *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240. Plain error is to be used "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. Plain error exists only in the event that it can be said that "but for the error, the outcome of the trial would clearly have been otherwise." *State v. Biros* (1997), 78 Ohio St.3d 426, 431, 678 N.E.2d 891.

{¶ 8} Here, nothing in the record evinces that Lee moved for a mistrial or requested that the trial court give the jury limiting instructions concerning the aggravated-robbery count. Accordingly, we review Lee's argument using a plain-error analysis.

{¶ 9} Having a weapon while under disability is governed by R.C. 2923.13, which provides as follows:

(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

* * *

(3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse * * *.

{¶ 10} Thus, in order for the state to demonstrate that Lee violated R.C. 2923.13(A)(3), it needed to show that he possessed a firearm. As Lee apparently did not possess the firearm upon his arrest, the alleged robbery victim's testimony concerning Lee's act of pointing the gun at him during the robbery was essential to the prosecution's case for the charge of having a weapon while under disability. Thus, even had the trial court declared a mistrial, and later proceeded to trial on the count of having a weapon while under disability alone, the jury would have heard much of the same testimony. Consequently, the trial court did not commit plain error in failing to sua sponte grant a mistrial or give the jury limiting instructions on the aggravated-robbery charge. Further, Lee has pre-

sented no evidence that had the trial court granted a mistrial or given limiting instructions, the outcome of the trial would clearly have been different.

{¶ 11} Accordingly, we overrule Lee's assignment of error in case number 15–08–09.

## The State's Assignment of Error

■ {¶ 12} In its sole assignment of error, the state contends that the trial court erred when it dismissed the aggravated-robbery count because it did not contain the element of recklessness. Specifically, the state argues that under *Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, recklessness is the default mental state when a statute fails to state the degree of culpability, unless it is a strict-liability offense, which would make the mental state irrelevant. Aggravated robbery, the state claims, is a strict-liability offense pursuant to *State v. Wharf* (1999), 86 Ohio St.3d 375, 715 N.E.2d 172, making the element of recklessness inapplicable. We agree that aggravated robbery in violation of R.C. 2911.01(A)(1) is a strict-liability offense, and, thus, recklessness is not an element of this offense.

{¶ 13} In *State v. Jelks*, 3d Dist. No. 17–08–18, 2008-Ohio-5828, 2008 WL 4831480, this court recently determined that the holding of *Colon*, which applies to robbery under R.C. 2911.02(A)(2), does not apply to indictments for aggravated robbery under R.C. 2911.01(A)(1). The rationale behind *Colon*, that recklessness is the "catch-all" mental state when a statute fails to state the degree of culpability and must be included in the language of the indictment, does not apply to aggravated robbery because it is a strict-liability offense under *Wharf*, 86 Ohio St.3d at 378, 715 N.E.2d 172. See also *State v. Ferguson*, 10th Dist. No. 07AP–640, 2008-Ohio-3827, 2008 WL 2932005, ¶ 42–50; *State v. Glover*, 10th Dist. No. 07AP–832, 2008-Ohio-4255, 2008 WL 3878365, ¶ 34.

{¶ 14} Accordingly, the state is correct in its assertion that the indictment was not defective and the trial court should not have dismissed it. However, Lee has argued that even if the trial court erred in dismissing the aggravated-robbery count, this court should not reverse and remand the case. It is Lee's position that jeopardy attached when the jury was sworn, and, therefore, another prosecution of him for this offense is barred by double jeopardy, and remand would be pointless.

■ {¶ 15} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The United States Constitution's protections against double jeopardy have been applied to the states through the Fourteenth Amendment. *State v. Sapariti* (1997), 118 Ohio App.3d

1, 3–4, 691 N.E.2d 1064, citing *Benton v. Maryland* (1969), 395 U.S. 784, 786, 89 S.Ct. 2056, 23 L.Ed.2d 707.  Similarly, Section 10, Article I of the Ohio Constitution provides that "[n]o person shall be twice put in jeopardy for the same offense."

{¶ 16} *State v. Calhoun* (1985), 18 Ohio St.3d 373, 18 OBR 429, 481 N.E.2d 624, presented a situation similar to the case at hand.  In *Calhoun*, a trial court sua sponte dismissed an indictment for involuntary manslaughter, erroneously determining that a recent Supreme Court decision held the statute to be unconstitutional.  The state appealed the dismissal, and the appellate court found that the statute was not unconstitutional and remanded the case to the trial court.  On remand, the defendant moved the trial court to dismiss the indictment on double-jeopardy grounds, as the jury had been impaneled and sworn during the first trial.  The Supreme Court of Ohio, relying on *United States v. Scott* (1978), 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65, found that retrial is not barred when the dismissal of an indictment is premised on legal grounds, since no determination of factual guilt or innocence has been made.  *Calhoun* stated as follows:

[I]n the absence of an acquittal or a termination based on a ruling that the prosecution's case was legally insufficient, no interest protected by the Double Jeopardy Clause precludes a retrial when reversal is predicated on trial error alone.  * * *  The purpose of the Double Jeopardy Clause is to preserve for the defendant acquittals or favorable factual determinations but not to shield from appellate review erroneous legal conclusions not predicated on any factual determinations.

* * *

Inasmuch as the dismissal was the result of a good-faith trial-type error of the presiding judge, no legitimate interest of the defendant would be sacrificed by retrial.  The fact remains that the jury had neither found appellee guilty nor voted for his acquittal.  Both the defendant and the state are entitled to have one complete trial which terminates in a verdict on a finding that the state's case is legally insufficient to sustain a conviction.

Id. at 376–377, 18 O.B.R. 429, 481 N.E.2d 624.

{¶ 17} Thus, the Supreme Court of Ohio concluded that "where a trial judge rules midtrial that the statute upon which an indictment is based is unconstitutionally vague and thereupon dismisses the indictment, double jeopardy does not bar retrial."  Id. at syllabus.  See also *State v. Martin*, 8th Dist. No. 87618, 2007-Ohio-1833, 2007 WL 1153469, ¶ 23–25; *Findlay v. Clark*, 3d Dist. No. 5–95–8, 1996 WL 65601.

{¶ 18} We find that *Calhoun* is sufficiently analogous to the case before us.  As in *Calhoun*, the trial court dismissed the indictment midtrial based on an

erroneous legal conclusion. No determination of factual guilt or innocence was made. Accordingly, we find that double jeopardy would not bar Lee's retrial on the aggravated-robbery count, and remand is appropriate.

{¶ 19} Accordingly, we sustain the state's assignment of error in case number 15–08–06.

{¶ 20} In case number 15–08–06, having found error prejudicial to the state, in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

{¶ 21} In case number 15–08–09, having found no error prejudicial to Lee, in the particulars assigned and argued, we affirm the judgment of the trial court.

Judgment reversed
and cause remanded
in case No. 15–08–06.

Judgment affirmed
in case No. 15–08–09.

PRESTON, P.J., and SHAW, J., concur.