**CITY OF CLEVELAND, Appellant,**

v.

**SIMPKINS, Appellee.**

[Cite as *Cleveland v. Simpkins*, 192 Ohio App.3d 808, 2011-Ohio-1249.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 95361.

Decided March 17, 2011.

810

---

Robert J. Triozzi, Cleveland Law Director, and Christina Haselberger, Assistant City Prosecutor, for appellant.

Robert L. Tobik, Cuyahoga County Public Defender, and Keevin J. Berman and Nathaniel McDonald, Assistant Public Defenders, for appellee.

LARRY A. JONES, Judge.

{¶ 1} Plaintiff-appellant, city of Cleveland, appeals the trial court's dismissal of its complaint against defendant-appellee, David Simpkins. For the reasons that follow, we reverse.

## Procedural History

{¶ 2} In November 2009, the city charged Simpkins with one count of domestic violence in violation of R.C. 2919.25, alleging that he caused physical harm to his wife, Bernice Simpkins. In January 2010, the case was transferred to the mentally-disordered-offender docket. In May 2010, the case proceeded to a trial before the bench. After the defense rested its case, the trial court asked to see a copy of the complaint, stating that it wanted to verify which section of the statute Simpkins was charged under. After review of the complaint, the trial court determined that the complaint had not been properly filed with the clerk of courts' office. The court indicated that it was going to dismiss the case against Simpkins, and the city asked the court to dismiss the complaint without prejudice. The court denied the city's motion, stating that the dismissal would be with prejudice because the court had already heard the case.

{¶ 3} The city filed a motion for reconsideration and a notice of appeal. The city raises the following two assignments of error for our review:

    I. The trial court erred in dismissing the case sua sponte for failure to meet the filing requirements because the complaint was properly filed with the clerk of courts in light of the Supreme Court of Ohio's recent ruling in *Zanesville v. Rouse*.[1]

    II. The trial court erred in dismissing the case sua sponte with prejudice because the defendant-appellee waived objection when he failed to raise the issue before trial.

## Municipal Court Jurisdiction

{¶ 4} In the first assignment of error, the city argues that the trial court erred in finding that the complaint was not properly filed. We review the validity of a complaint de novo. *Newburgh Hts. v. Hood,* Cuyahoga App. No. 84001, 2004-Ohio-4236, 2004 WL 1799175.

{¶ 5} The Cleveland Municipal Court has jurisdiction over misdemeanors committed within its territorial jurisdiction. R.C.1901.20. The filing of a complaint against a defendant invokes the court's jurisdiction. *Rouse* at ¶ 5. Crim.R. 3 provides, "The complaint is a written statement of the essential facts constitut-

---

1. *Zanesville v. Rouse,* 126 Ohio St.3d 1, 2010-Ohio-2218, 929 N.E.2d 1044.

ing the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths." The clerk of a municipal court is required to maintain a docket for each case, enter the date of filing for each document on that docket, and endorse the time or date of filing on each document. *Rouse,* citing R.C. 2303.08 and 2303.10.

{¶ 6} The primary purpose of the charging instrument in a criminal prosecution is to inform the accused of the nature of the offense with which he or she is charged. *Akron v. Holland Oil Co.* (2001), 146 Ohio App.3d 298, 765 N.E.2d 979, citing *State v. Riffle* (Mar. 12, 2001), Pickaway App. No. 00CA041, 2001 WL 273202, citing *State v. Lindway* (1936), 131 Ohio St. 166, 5 O.O. 538, 2 N.E.2d 490.

{¶ 7} In this case, the complaint against Simpkins was signed by the investigating detective and the assistant prosecuting attorney. The complaint was also signed by a deputy clerk of courts, but the deputy clerk of courts failed to date his or her signature or affix the clerk of courts' date and time stamp to the complaint.

{¶ 8} On appeal, the city argues that the complaint should have been deemed properly filed based on the Ohio Supreme Court's holding in *Rouse,* 126 Ohio St.3d 1, 2010-Ohio-2218, 929 N.E.2d 1044.[2] In *Rouse,* the court found that even though the complaint lacked the clerk of courts' date and time stamp, other evidence sufficiently showed that the complaint had been filed. "When a document lacks an endorsement from the clerk of courts indicating that it has been filed, filing may be proved by other means." Id. at ¶ 10. The court reasoned that "the filing of a document does not depend on the performance of a clerk's duties. A document is 'filed' when it is deposited properly for filing with the clerk of courts. The clerk's duty to certify the act of filing arises only after a document has been filed." Id. at ¶ 7. Thus, "when a document is filed, the clerk's failure to file-stamp it does not create a jurisdictional defect." Id. at ¶ 8.

{¶ 9} Simpkins argues that *Rouse* is distinguishable from the case at bar because the issue in *Rouse* was whether a complaint could be properly filed if it lacked the clerk of courts' date and time stamp. In this case, Simpkins maintains, the issue is not just that the complaint was improperly filed because it lacked the clerk of courts' stamp, but the complaint itself is defective because it was not properly sworn to by "a person authorized by law to administer oaths," e.g., the deputy clerk.

---

**2.** We note that *Rouse* was issued two weeks after the trial court's dismissal of the complaint in this case.

{¶ 10} Our review of the complaint in this case shows that it is missing two elements required by Crim.R. 3. First, the complaint is missing the date and time stamp of the clerk of courts' office. But the electronic docket does indicate that the complaint was filed on November 14, 2009. The *Rouse* court found sufficient evidence to determine that the document actually was filed, in the absence of a date and time stamp from the clerk, when the docketing of the case showed that the clerk actually received the complaint. Likewise, in this case, the docketing of the case coupled with the deputy clerk's signature shows that the clerk received the complaint.

{¶ 11} Second, the complaint is missing the date the deputy clerk signed the complaint. Thus, the issue becomes whether the complaint is defective because it was not properly sworn to. We find under the facts of this case that the complaint was not defective so as to deprive the court of jurisdiction.

{¶ 12} Specifically, in looking to the purpose of Crim.R. 3, it is clear that Simpkins was placed on notice of the complaint against him. He appeared for arraignment, pretrials, and trial. Moreover, the statement of facts/probable-cause determination that accompanied the complaint is properly signed and dated by the deputy clerk. Therefore, we find that the complaint was sufficient to invoke the jurisdiction of the trial court. The court erred in finding that the complaint was so defective as to warrant dismissal of the case.

{¶ 13} The first assignment of error is sustained.

### Double Jeopardy

{¶ 14} In the second assignment of error, the city argues that the trial court erred in dismissing the case with prejudice, because Simpkins did not raise the issue before trial. Albeit for different reasons, we agree that the trial court erred in dismissing the case with prejudice.

{¶ 15} First, we disagree with the city that Simpkins waived any argument as to jurisdiction because he failed to raise the issue prior to trial. Subject-matter jurisdiction goes to the power of a court to hear and decide the merits of a case. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11. It relates not "to the rights of the parties, but to the power of the court." *State ex rel. Jones v. Suster* (1998), 84 Ohio St.3d 70, 75, 701 N.E.2d 1002, citing *Exrs. of Long's Estate v. State* (1926), 21 Ohio App. 412, 415, 153 N.E. 225. Consequently, Simpkins cannot waive subject-matter jurisdiction. Moreover, Crim.R. 12(C)(2) provides that an objection as to whether a complaint properly charges an offense may be raised at any time during the pendency of the action. *State v. Ghaster*, Cuyahoga App. No. 90838, 2009-Ohio-2117, 2009 WL 1232114. Thus, if the trial court believed it did not have jurisdiction over the complaint due to it

being defective, the court was within its rights to raise the issue even if Simpkins failed to.

{¶ 16} That being said, based on our disposition of the first assignment of error, the trial court should not have dismissed the case. The trial court further erred when it dismissed the case with prejudice on the premise that double jeopardy had attached and would bar retrial.

{¶ 17} This court has found that it is an abuse of discretion to dismiss a case with prejudice if the defendant has not been denied a constitutional or statutory right. See *State v. Dixon* (1984), 14 Ohio App.3d 396, 14 OBR 513, 471 N.E.2d 864; *State v. Walton*, Cuyahoga App. No. 87347, 2006-Ohio-4771, 2006 WL 2627542; *State v. Steel*, Cuyahoga App. No. 85076, 2005-Ohio-2623, 2005 WL 1245628; see also *State v. Sutton* (1979), 64 Ohio App.2d 105, 108, 18 O.O.3d 83, 411 N.E.2d 818.

{¶ 18} The Double Jeopardy Clause of the United States Constitution protects against successive prosecutions for the same offense. *United States v. Dixon* (1993), 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556; *Ashe v. Swenson* (1970), 397 U.S. 436, 445–446, 90 S.Ct. 1189, 25 L.Ed.2d 469. "The underlying idea [embodied in the Double Jeopardy Clause], one that is deeply ingrained in at least the Anglo–American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green v. United States* (1957), 355 U.S. 184, 187–188, 78 S.Ct. 221, 2 L.Ed.2d 199.

{¶ 19} In addition to its primary function of safeguarding against governmental overreaching, the double-jeopardy guarantee protects a defendant's " 'valued right to have his trial completed by a particular tribunal.' " *Crist v. Bretz* (1978), 437 U.S. 28, 36, 98 S.Ct. 2156, 57 L.Ed.2d 24, quoting *Wade v. Hunter* (1949), 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974. Once a tribunal has decided an issue of ultimate fact in the defendant's favor, the double-jeopardy doctrine also precludes a second jury from ever considering that same or identical issue in a later trial. *Dowling v. United States* (1990), 493 U.S. 342, 348, 110 S.Ct. 668, 107 L.Ed.2d 708.

{¶ 20} In a bench trial, jeopardy attaches when the court first hears evidence, often referred to as "when the first witness is sworn." *United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642. There are circumstances, however, when, even if jeopardy has attached, retrial will not violate double jeopardy. In *United States v. Scott* (1978), 437 U.S. 82, 98

S.Ct. 2187, 57 L.Ed.2d 65, the United States Supreme Court held that retrial on the same indictment does not offend the Double Jeopardy Clause if the court "terminates the proceedings favorably to the defendant on a basis not related to factual guilt or innocence." Id. at 92. Relying on *Scott*, the Ohio Supreme Court held in *State v. Broughton* (1991), 62 Ohio St.3d 253, 581 N.E.2d 541, that double jeopardy did not bar the retrial of a defendant whose first trial ended when the trial court granted the defendant's motion to dismiss the charges because of a defect in the indictment. The *Broughton* court held that where "jeopardy has attached during the course of a criminal proceeding, a dismissal of the case may be treated in the same manner as a declaration of a mistrial and will not bar a subsequent trial when: (1) the dismissal is based on a defense motion, and (2) the court's decision in granting such motion is unrelated to a finding of factual guilt or innocence." Id. at 266.

{¶ 21} Admittedly, the dismissal in this case was based upon the court's own motion. In *State v. Calhoun* (1985), 18 Ohio St.3d 373, 18 OBR 429, 481 N.E.2d 624, the Ohio Supreme Court found that the subsequent retrial of a criminal defendant based on the same indictment is not barred by double jeopardy where a trial judge sua sponte dismisses a case midtrial due to an "unconstitutionally vague" indictment. The court reasoned, based on *Scott*, that to "bar retrial under the factual setting presented herein would deprive the public of its opportunity to convict those who have violated its laws." Id. at 376. The *Calhoun* court stressed that it was relying on the fact that the trial court did not dismiss the case on the ground that the prosecution's case was factually insufficient and further recognized that "the termination on such a ground [as insufficiency] would be tantamount to an acquittal and would operate as a bar to any further prosecution." Id.

{¶ 22} The *Calhoun* court further reasoned:

[T]he record in this case indicates that the trial court's reasoning for terminating the proceedings was not premised upon the insufficiency of the prosecutor's evidence. The trial judge likewise did not determine that appellee was innocent of the underlying count. Rather, the court made a ruling on a point of law that resulted in the termination of the case, i.e., that the statute underlying the indictment was unconstitutionally vague. * * * There was no prosecutorial or judicial overreaching in the instant case, but merely a good-faith trial-type error made by the presiding judge. At least in the absence of an acquittal or a termination based on a ruling that the prosecution's case was legally insufficient, no interest protected by the Double Jeopardy Clause precludes a retrial when reversal is predicated on trial error alone.

Id. at 376–377.

{¶ 23} Likewise, in this case, the trial court made a good-faith, trial-type error in its decision to dismiss the case based on what it thought constituted a faulty

complaint. The trial court never indicated that there was insufficient evidence to convict Simpkins or that the court was planning to acquit him of the charges. In fact, the court indicated that it would have found Simpkins guilty of domestic violence had it proceeded to a verdict.

{¶ 24} Thus, based on *Calhoun,* we find that the Double Jeopardy Clause does not preclude a retrial in this case. See also *State v. Lee,* 180 Ohio App.3d 739, 2009-Ohio-299, 907 N.E.2d 348, affirmed by 124 Ohio St.3d 119, 2009-Ohio-6544, 919 N.E.2d 736 (holding that double jeopardy does not bar retrial when trial court dismissed one count of the indictment midtrial based on court's erroneous conclusion that the indictment was faulty). As the *Scott* court noted, "[n]o interest protected by the Double Jeopardy Clause is invaded when the Government is allowed to appeal and seek reversal of such a * * * termination of the proceedings in a manner favorable to the defendant." Id., 437 U.S. at 100, 98 S.Ct. 2187, 57 L.Ed.2d 65.

{¶ 25} We further note that retrial will not deny Simpkins a constitutional or statutory right since he will not be twice placed in jeopardy nor denied his rights to a speedy trial. See *Sutton,* 64 Ohio App.2d at 108, 18 O.O.3d 83, 411 N.E.2d 818.

{¶ 26} The Double Jeopardy Clause does not bar retrial of Simpkins; therefore, the trial court also erred in dismissing the case with prejudice.

{¶ 27} The second assignment of error is sustained.

{¶ 28} Accordingly, the judgment is reversed, and the cause is remanded to the trial court for a new trial.

Judgment reversed,
and cause remanded.

BLACKMON, P.J., and STEWART, J., concur.