[Cite as *State v. Wells*, 2014-Ohio-1855.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| CHRISTOPHER G. WELLS, JR. | : | Case No. 13 CAA 07 0057 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Court of Common
                                    Pleas, Case No. 13 CR I 01 0019

JUDGMENT:                           Affirmed

DATE OF JUDGMENT:                   May 1,  2014

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

MARK C. SLEEPER                             STEPHEN P. HARDWICK
140 North Sandusky Street                   250 East Broad Street
Third Floor                                 Suite 1400
Delaware, OH  43015                         Columbus, OH  43215

*Farmer, J.*

{¶1} On January 18, 2013, the Delaware County Grand Jury indicted appellant, Christopher Wells, on five counts of burglary in violation of R.C. 2911.12, eighteen counts of theft in violation of R.C. 2913.02, three counts of breaking and entering in violation of R.C. 2911.13, and one count of criminal damaging in violation of R.C. 2909.06.  One of the theft counts was subsequently dismissed.

{¶2} On April 17, 2013, appellant filed a motion to dismiss on speedy trial rights under R.C. 2945.71.  Hearings were held on April 22, and May 1, 2013.  By judgment entry filed May 1, 2013, the trial court denied the motion.

{¶3} On May 2, 2013, appellant pled no contest to five counts of burglary.  The remaining counts were dismissed.  By judgment entry filed May 16, 2013, the trial court found appellant guilty.  By judgment entry filed June 14, 2013, the trial court sentenced appellant to an aggregate term of seven and a half years in prison.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5} "THE TRIAL COURT ERRED BY DENYING MR. WELLS'S MOTION TO DISMISS."

I

{¶6} Appellant claims the trial court erred in denying his motion to dismiss on speedy trial violations.  We disagree.

{¶7} R.C. 2945.71 governs time within which hearing or trial must be held. Subsection (C)(2) states a "person against whom a charge of felony is pending: [s]hall be brought to trial within two hundred seventy days after the person's arrest."

{¶8} Appellant was arrested on June 22, 2012 and charged in the municipal court with breaking and entering. Appellant was held in jail until July 2, 2012 when the charge was dismissed without prejudice because it was going to be presented to the Delaware County Grand Jury. On January 18, 2013, the indictment was filed charging appellant with five counts of burglary, eighteen counts of theft, three counts of breaking and entering, and one count of criminal damaging. One of the breaking and entering charges was the offense from the municipal court case. Appellant was arrested on the indictment on February 21, 2013. Appellant argues the time between the dismissal of the offense in the municipal court and the subsequent indictment of the same offense cannot be tolled.

{¶9} It is undisputed that 234 days lapsed between the dismissal of the municipal court offense and appellant's arrest after indictment. The gravamen of this appeal is whether these 234 days can be tolled against the time for which appellant should have been brought to trial.

{¶10} Appellant acknowledges the Supreme Court of Ohio's holding in *State v. Broughton,* 62 Ohio St.3d 53 (1991), but argues it has been modified by their dicta in *State v. Ramey,* 132 Ohio St.3d 309, 2012-Ohio-2904.

{¶11} In its syllabus at paragraphs one and two, the *Broughton* court specifically addressed the tolling time between dismissed and subsequently indicted offenses:

1. For purposes of computing how much time has run against the state under R.C. 2945.71 *et seq.,* the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as alleged in the original indictment, shall not be counted unless the defendant is held in jail or released on bail pursuant to Crim.R. 12(I).

2. The arrest of a defendant, under a subsequent indictment which is premised on the same underlying facts alleged in a previous indictment, is the proper point at which to resume the running of the speedy-trial period. (R.C. 2945.71 *et seq.,* construed and applied.)

{¶12} The *Broughton* court at 259 explained the following:

In considering which of the above approaches to adopt, we recognize "the public's interests not only in the prompt adjudication of criminal cases, but also in obtaining convictions of persons who have committed criminal offenses against the state." *Bonarrigo, supra,* 62 Ohio St.2d at 11, 16 O.O.3d at 6-7, 402 N.E.2d at 534; see, also, *State v. Calhoun* (1985), 18 Ohio St.3d 373, 376, 18 OBR 429, 432, 481 N.E.2d 624, 627. We explained in *Bonarrigo* that "[i]t was not the General Assembly's sole purpose in enacting the speedy trial statutes to reward those accused of criminal conduct for a prosecutor's lack of diligence." *Id.,* 62 Ohio St.2d at 10, 16 O.O.3d at 6, 402 N.E.2d at 534. Therefore,

we are persuaded that the majority view (tolling the speedy-trial statute between dismissal and reindictment) is sound in light of our previous holdings in *Bonarrigo, supra, Cougill, supra,* and *Spratz, supra,* and the legislative intent behind the speedy-trial statute.

{¶13} Appellant argues the Supreme Court of Ohio in *Ramey, supra,* in reviewing the issue of tolling time because of a co-defendant's pre-trial motions, modified and rejected the syllabus law of *Broughton*:

R.C. 2945.72 does not include the filing of pretrial motions by a co-defendant as an event that automatically extends a defendant's speedy-trial time. In construing a statute, we may not add or delete words. *State ex rel. Sears, Roebuck & Co. v. Indus. Comm.,* 52 Ohio St.3d 144, 148, 556 N.E.2d 467 (1990). We are, therefore, compelled to conclude that a co-defendant's filing of pretrial motions does not automatically toll the time in which a defendant must be brought to trial.

{¶14} R.C. 2945.72 language has not changed since the *Broughton* opinion. In *Ramey,* there was no time when the criminal charge was not pending against the defendant, including the time of the pretrial motions filed by the co-defendant. The *Ramey* court specifically addressed R.C. 2945.72(H) which states: "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:***The period of any

continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

{¶15} The facts and dicta of *Ramey* are completely opposite to the facts sub judice. We find *Ramey* has no effect on the syllabus law of *Broughton.*

{¶16} Our decision is further supported by the unambiguous statutory language of R.C. 2945.71(A) which states: "Subject to division (D) of this section, a person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the person's arrest or the service of summons."

{¶17} The statute speaks of charges *pending*. In this case, charges were not pending against appellant during the 234 days hiatus, and appellant was not imprisoned on any of the offenses. In *State v. Azbell*, 112 Ohio St.3d 300, 2006-Ohio-6552, ¶ 21-27, Justice O'Donnell in his concurring opinion emphasized that the statutory language speaks of charges *pending* and essentially concurs with the majority opinion:

R.C. 2945.71 sets forth the statutory right to a speedy trial in Ohio and catalogs three classifications of persons against whom a charge is pending, dependent upon the degree of the offense with which the person is charged. Subdivision (A) pertains to "a person against whom a charge is pending in a court not of record, or against whom a charge of *minor misdemeanor* is pending in a court of record." (Emphasis added.) Subdivision (B) pertains to "a person against whom a charge of *misdemeanor,* other than a minor misdemeanor, is pending in a court of

record."   (Emphasis added.)   And, thirdly, insofar as is relevant here, subsection (C) specifies:

"A person against whom a charge of *felony* is pending:

"* * *

"(2) Shall be brought to trial within two hundred seventy days after the person's arrest."  (Emphasis added.)

Reading the statute in its entirety in order to discern the legislative intent, it is apparent to me that this statute applies only to persons against whom charges are pending.

{¶18}  Accordingly, we find the trial court did not err in denying appellant's motion to dismiss on speedy trial violations.

{¶19}  The sole assignment of error is denied.

{¶20}  The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.

SGF/sg 4/11