[Cite as *Independence v. Ismail*, 2022-Ohio-3742.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

CITY OF INDEPENDENCE,  :

    Plaintiff-Appellee,  :

                   No. 111337

    v.  :

THERESA A. ISMAIL,  :

    Defendant-Appellant.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:**  October 20, 2022

---

Criminal Appeal from the Garfield Heights Municipal Court
Case No. CRB-2000816

---

### *Appearances:*

William T. Doyle, Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and
John T. Martin, Assistant Public Defender, *for appellant*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Theresa Ismail was convicted after trial of attempting to pass a bad check in violation of R.C. 2903.02 and 2913.11 in the

Garfield Heights Municipal Court. The complaint filed in the municipal court charged a felony offense. Because the municipal court did not have jurisdiction to resolve a felony complaint by trial, we vacate Ismail's convictions and remand this matter to the municipal court for further proceedings upon the complaint.

{¶ 2} On July 9, 2020, a city of Independence ("city") police officer filed a criminal complaint against Ismail alleging the crime of attempting to pass bad checks. The complaint reads in pertinent part that on December 6, 2019, in the city of Independence, Ohio, Ismail:

> Did purposely or knowingly, and when purpose or knowledge is sufficient for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense To Wit: handed her attorney a check for $7,500 that was deposited and no account was located. The account number was one number off and the account did not have enough in the account.

> Contrary to and in violation of sections 2923.02 of the Ohio Revised Code (or Local Ordinance.) Attempt, a Misdemeanor of the 1st degree.

{¶ 3} On November 15, 2021, the municipal court called the case for trial. Prior to trial, Ismail renewed her previous motions to dismiss arguing that the complaint did not state a criminal offense.[1] The city moved the trial court to amend the complaint to include reference to R.C. 2913.11. The trial court granted the city's motion and denied Ismail's motion to dismiss.

---

[1] The trial court denied two previously filed motions to dismiss that argued the complaint did not comply with Crim.R. 3 and failed to state a criminal offense.

{¶ 4} At the conclusion of the trial, the jury returned a verdict form finding Ismail guilty of the offense "as charged." On November 15, 2021, the trial court journalized the verdict stating Ismail was convicted of an attempt to pass a bad check. Neither the jury's verdict form or the trial court's journal entry indicated the level of offense of which Ismail was convicted. On January 27, 2022, the trial court sentenced Ismail to a fine, suspended a jail sentence, and ordered restitution. Ismail raises several assignments of error; however, we need only address her first assignment of error to resolve her appeal.[2] The first assignment of error reads:

> The trial court lacked jurisdiction to try the criminal complaint in this case.

{¶ 5} Within this assignment of error, Ismail challenges the subject-matter jurisdiction of the municipal court.[3] She argues the municipal court did not have the jurisdiction to proceed to trial because the complaint filed in this case alleged a felony offense, citing *State v. Brumfield*, 1st Dist. Hamilton No. C-810070 (Dec. 2, 1981). The city argues that it had the discretion to charge the offense as a

---

[2] Ismail's second through sixth assignments of error are listed withing the appendix.

[3] In her motions to dismiss the complaint made prior to trial, Ismail argued that the court did not have jurisdiction because the complaint did not state a criminal offense. She raises a different reason the trial court lacked jurisdiction in this appeal. "Subject-matter jurisdiction involves a court's power to hear a case. As such, the issue can never be waived and may be raised at any time." *State v. Schuler*, 2019-Ohio-1585, 135 N.E.3d 325, ¶ 20 (12th Dist.), citing *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 10.

misdemeanor and that it exercised that discretion in this case by charging a misdemeanor offense.

{¶ 6} Ismail's argument requires us to review the complaint, which we review de novo. *Cleveland v. Daniels*, 8th Dist. Cuyahoga No. 106136, 2018-Ohio-4773, ¶ 35. A municipal court has subject-matter jurisdiction over misdemeanor criminal cases. *Mbodji* at ¶ 11. R.C. 1901.20(A) provides in relevant part:

> The municipal court has jurisdiction to hear misdemeanor cases committed within its territory and has jurisdiction over the violation of any ordinance of any municipal corporation within its territory, including exclusive jurisdiction over every civil action concerning a violation of a state traffic law or a municipal traffic ordinance.

{¶ 7} When a felony offense is charged within the municipal court, the court has limited jurisdiction over the case. R.C. 1901.20(B) reads:

> The municipal court has jurisdiction to hear felony cases committed within its territory. In all felony cases, the court may conduct preliminary hearings and other necessary hearings prior to the indictment of the defendant or prior to the court's finding that there is probable and reasonable cause to hold or recognize the defendant to appear before a court of common pleas and may discharge, recognize, or commit the defendant.

{¶ 8} In order to determine whether the municipal court had jurisdiction to try the case, we need to determine what level of offense the complaint alleged. Crim.R. 3(A) provides that "the complaint is a written statement of the essential facts constituting the offense charged." "The primary purpose of the charging instrument in a criminal prosecution is to inform the accused of the nature of the offense with which he or she is charged." *Cleveland v. Simpkins*, 192 Ohio App.3d 808, 2011-Ohio-1249, 950 N.E.2d 982, ¶ 6 (8th Dist.).

{¶ 9} After being amended, the complaint alleged Ismail violated R.C. 2903.02 and 2913.11 where Ismail "handed her attorney a check for $7,500 that was deposited and no account was located." R.C. 2913.11(E) specifies that "[i]f the check or checks or other negotiable instrument or instruments are for the payment of seven thousand five hundred dollars or more but less than one hundred fifty thousand dollars, passing bad checks is a felony of the fourth degree." By including the amount of the check as being $7,500 in the written statement of facts, the complaint alleged Ismail committed a violation that was a felony of the fourth degree. By including the attempt statute, R.C. 2923.02, the complaint charged the "next lesser degree than the offense attempted." Accordingly, the amended complaint charged Ismail with the attempt to pass a bad check in the amount of $7,500, a felony of the fifth degree.

{¶ 10} Despite alleging facts that describe a felony offense, the complaint includes language that states the charge is a misdemeanor of the first degree. The city argues that it had discretion to charge any level of an offense and did so in this case. *See, e.g., Westlake v. Wilson*, 8th Dist. Cuyahoga No. 96948, 2012-Ohio-2192, ¶ 29 ("[T]he decision whether to prosecute and what charge to file is within the prosecutor's discretion."). We do not disagree that the city could exercise its decision to prosecute Ismail for any of several levels of offense based upon the facts contained in the complaint. But that decision must be reflected in the facts alleged

within the complaint, and the facts alleged in this complaint constitute a felony offense.[4]

{¶ 11} Because the complaint alleged a felony offense, the municipal court did not have jurisdiction to resolve the complaint at trial. *State v. Nelson,* 51 Ohio App.2d 31, 37, 365 N.E.2d 1268 (8th Dist.1977) ("There was no complaint or other charging instrument before the municipal court charging the appellees with a misdemeanor; therefore, the court lacked jurisdiction to try them on the misdemeanor charge."); *Brumfield*, 1st Dist. Hamilton No. C-810070; *State v. Craig*, 1st Dist. Hamilton No. C-850444, 1986 Ohio App. LEXIS 5891 (Mar. 12, 1986).

{¶ 12} Appellant's first assignment of error is sustained. Our resolution of the first assignment of error renders consideration of the remaining assignments of error presented moot. App.R. 12(A)(1)(c). We vacate Ismail's conviction and remand the case to the municipal court for further proceedings upon the complaint pursuant to R.C. 1901.20(B).

{¶ 13} Judgment vacated, and case remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[4] In order to charge a misdemeanor of the first degree, the city could have simply not included the amount of the check.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
LISA B. FORBES, J., CONCUR

APPENDIX

Appellant's second through fifth assignments of error read:

Assignment of Error II:
The sentence imposed is statutorily excessive because the defendant was convicted of a second-degree misdemeanor punishable by a maximum jail term of 90 days and a maximum fine of $750.00.

Assignment of Error III:
There should be no restitution ordered because the offense of conviction was one of attempted passing of a bad check, an inchoate crime.

Assignment of Error IV:
Defendant received ineffective assistance of counsel when her trial attorney failed to move to dismiss the case for want of speedy trial.

Assignment of Error V:
The trial court plainly erred in not dismissing the instant case for want of speedy trial.

Assignment of Error VI:
The trial court erred in admitting the bank records solely on the testimony of the investigating detective.