The STATE of Ohio, Appellee,

v.

ROBINETTE, Appellant.

[Cite as *State v. Robinette* (1997), 118 Ohio App.3d 450.]

Court of Appeals of Ohio,
Fourth District, Jackson County.

No. 95CA783.

Decided Feb. 26, 1997.

*Mark A. Ochsenbein,* Jackson County Prosecuting Attorney, for appellee.

*Timothy P. Gleeson,* for appellant.

STEPHENSON, Judge.

This is an appeal from a judgment of conviction and sentence entered by the Jackson County Municipal Court upon a jury verdict, finding Thomas Robinette, defendant-appellant, guilty of domestic violence in violation of R.C. 2919.25(A).

The first assignment of error is as follows:

"The trial court denied Defendant/Appellant due process of law under the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution in assuming jurisdiction over the domestic violence complaint, which was not properly executed in violation of Criminal Rule 3."

The second assignment of error is as follows:

"The trial court committed reversible error by providing an instruction to the jury concerning the element of knowingly which directed the jury to consider the state of mind of the Complainant."

The facts are basically undisputed, except as to the extent of the confrontation that was the basis for the domestic violence charge.

The incident occurred on December 9, 1995. The facts are set out in appellant's brief as follows:

"Linda Murphy and the appellant have three children. Two of the children were visiting at their paternal grandmother's residence. The appellant was present at the residence. At approximately 6:30 p.m. Linda arrived at the residence with her current spouse to pick up the children. The two children got into the car. They were crying. Linda got out of the car to see what was going on. The grandmother came outside to meet Linda. She advised Linda not to go inside. Linda went inside. She saw the appellant and confronted him about their children crying. The appellant told Linda to leave. Linda tried to talk with him about the children. The appellant told Linda to leave. Linda continued to try to talk with him about the children. The appellant got a hold of Linda's neck, spun her around so that she was facing out the door, and kicked her in the arm. Linda ran to her car. The incident lasted two to three minutes."

Murphy proceeded directly to the office of the Jackson County Sheriff. Present were Deputy Sue Matteson and Sergeant Aric Yates. Murphy explained what had happened. Deputy Yates prepared a complaint reading as follows:

"COMPLAINT

"On or about 12–9, 1995 at 18:30 AM/PM in/at 101 Hill St. GlenRoy City of Jackson, Jackson County, Ohio, you did unlawfully cause or attempted to cause physical harm to you, your family, or household. To Wit: Linda Murphy (ex-wife). This occurred when Linda was picking up the children after visitation in violation of Section 2919.25 of the Ohio Revised Code/City Ordinances.

    x Linda Murphy
signature of issuing

"Being duly sworn the issuing-charging law enforcement officer states that he has read the above complaint and that it is true.

    Sgt. Aric L. Yates
issuing-charging law enforcement officer

"Sworn to and subscribed before me by Sgt. Aric L. Yates on 12–9, 1995

    Susie Matteson
clerk/deputy clerk
commission expires 11–12–98"

A jury trial was demanded. The trial was held on April 9, 1996 and the jury returned a verdict of guilty. Sentence was imposed on April 17, 1996. Additional facts will be set forth when necessary in the disposition of the two assignments of error.

On February 2, 1996, which was prior to trial, appellant filed a motion to dismiss. His memorandum in support argues that Sergeant Yates could not issue the complaint because he had no personal knowledge of the facts upon which the complaint was based. On April 8, 1996 appellee filed a motion to amend the complaint in the following form.

"Now comes the State and moves the Court to amend the Complaint herein by either substituting the name of Linda Murphy in the jurat or that of Sgt. Aric Yates on the line of the complainant.

"Such an amendment does not change the name or identity of the crime changed [sic] in the complaint. A memorandum is filed herewith."

Immediately prior to trial, the court stated as follows:

"BY THE COURT: Well, I'm gonna allow the amendment. I want the amendment to be formal. Mr. Forshey, I want you to strike Linda Murphy's name from the affidavit and we'll proceed and substitute Sgt. Aric Yates' name for her name, then I want you to alter the unlawfully to knowingly. I want you to have the Defendant served with this amended complaint and I want that, you know, let's do that before we start trial."

After the ruling, the complaint was amended to read as follows:

"COMPLAINT

"On or about 12–9, 1995 at 18:30 AM/PM in/at 101 Hill St. GlenRoy City of Jackson, Jackson County, Ohio, you did unlawfully knowingly cause or attempt to cause physical harm to you, your family, or household. To Wit: Linda Murphy (ex-wife). This occurred when Linda was picking up the children after visitation in violation of Section 2919.25 of the Ohio Revised Code/City Ordinances.

        Sgt. Aric L. Yates  x Linda Murphy
                signature of issuing

"Being duly sworn the issuing-charging law enforcement officer states that he has read the above complaint and that it is true.

        Sgt. Aric L. Yates
issuing-charging law
enforcement officer

"Sworn to and subscribed before me by Sgt. Aric L. Yates on 12–9, 1995

<u>Susie Matteson</u>
clerk/deputy clerk
commission expires 11–12–98"

■ We note at the outset that the court did not expressly overrule the first motion to dismiss but may have done so by implication. There was no merit in the motion since there is no requirement under Crim.R. 3 that the complaint be based upon the personal knowledge of the affiant. The issue is discussed in detail in *State v. Villagomez* (1974), 44 Ohio App.2d 209, 73 O.O.2d 215, 337 N.E.2d 167:

"The purpose and function of a complaint is to inform the accused of the crime of which he is charged. It forms the essential basis of the court's jurisdiction and the subsequent trial and judgment. It must, therefore, contain the essential elements required by Criminal Rule 3. Once filed, however, knowledge of the affiant is immaterial to the criminal cause. The issue is whether or not the crime was committed not whether the affiant had personal knowledge of each element of the offense.

"In *State v. Biedenharn* (1969), 19 Ohio App.2d 204 [48 O.O.2d 338, 250 N.E.2d 778], it is said in the syllabus:

" 'Personal knowledge of the commission of an offense is not a prerequisite to the filing of an affidavit therefor under Section 2935.09, Revised Code, which provides for accusation by affidavit to cause arrest for prosecution.'

"There is nothing in the Criminal Rules substituting a complaint for the affidavit which would modify the essential reasoning of this case.

" * * *

"Under the rule above cited, it is not necessary that the one signing a complaint personally know all the facts constituting the elements of the offense. He may rely upon the testimony and investigation of others to establish matters not within the orbit of his personal knowledge. Few persons are personally aware of all elements of an offense and must necessarily so rely." *Villagomez* at 211, 73 O.O.2d at 216, 337 N.E.2d at 169–170.

Appellant contends that the filing of a valid complaint is necessary to invoke the jurisdiction of the court. We agree. See *New Albany v. Dalton* (1995), 104 Ohio App.3d 307, 661 N.E.2d 1132. The question thus posed is whether the complaint in the case *sub judice* meets the requirements for validity under Crim.R. 3, which reads as follows:

"The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."

■ The complaint's function is to advise the defendant of the offense with which he is being charged and provide the basis for invoking the jurisdiction of the court. The complaint in the case *sub judice* states the essential facts of the offense. It also sets forth in the numerical code section the alleged violation. It is in writing and sworn to before a notary. It is sufficient under the rule to invoke the jurisdiction of the court. The rule does not require that the victim sign as complainant. While the better practice would have been for the officer to expressly sign as complainant, given the fact that the officer in swearing to the complaint as the issuing-charging law enforcement, the striking by the court of the victim's name and insertion of the officer's name was permissible.

■ Neither do we find any error in the action of the trial court in allowing amendment of this complaint by adding "knowingly" and not requiring reissuing of the complaint. The amendment of a complaint is authorized by Crim.R. 7(D). That rule was construed in *State v. O'Brien* (1987), 30 Ohio St.3d 122, 30 OBR 436, 508 N.E.2d 144, wherein the court held in paragraph two of the syllabus:

"An indictment, which does not contain all the essential elements of an offense, may be amended to include the omitted element, if the name or the identity of the crime is not changed, and the accused has not been misled or prejudiced by the omission of such element from the indictment. (Crim.R. 7[D], construed and applied.)"

Manifestly, the amendment of the complaint did not change the name or identity of the crime. Further, there is nothing to demonstrate that the accused was misled or was prejudiced by the omission of any element from the complaint. Because of the latter conclusion, and even though the amendment necessarily amended the substance of the complaint, proceeding to trial after amendment was proper.

Accordingly, the first assignment of error is overruled.

■ The second assignment of error asserts that the court erred in its instructions respecting the element of "knowingly."[1] R.C. 2919.25(A) states:

"No person shall knowingly cause or attempt to cause physical harm to a family or household member."

---

1. The objection to the jury instruction and ruling thereon does not appear in the original transcript of proceedings but the transcript was corrected pursuant to App.R. 9(E) by stipulation of the parties and order of the court. The order of the court reads as follows:

"It is Ordered that the following be added to the transcript of the trial, on page 117 at the fourteenth line from the top.

"The correction to be made is to provide to the Court of Appeals the content of the conversation which took place at the bench. After the jury instructions were read by the

R.C. 2901.22, which defines culpable mental states, provides:

"(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

The statutory definition is embodied in Section 409.11 of the Ohio Jury Instructions as follows:

"409.11 Knowingly R.C. 2901.22(B)

"1. KNOWINGLY. A person acts knowingly, regardless of his purpose, when (he is aware that his conduct will probably cause a certain result) (he is aware that his conduct will probably be of a certain nature). A person has knowledge of circumstances when he is aware that such circumstances probably exist. R.C. 2901.22(B).

"2. ALTERNATE. Knowingly means that a person is aware of the existence of the facts and that his acts will probably (cause a certain result) (be of a certain nature.).

## "COMMENT

"Evidence of mistake, accident, lack of information or other innocent reason negate the existence of knowledge and do not constitute an affirmative defense.

"3. HOW DETERMINED. Since you cannot look into the mind of another, knowledge is determined from all the facts and circumstances in evidence. You will determine from these facts and circumstances whether there existed at the time in the mind of the defendant an awareness of the probability that _____."

The court's jury instructions were as follows:

"Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the 9th day of December, 1995, in the County of Jackson, in the State of Ohio, the Defendant, Thomas Robinette, Jr., knowingly caused or attempted to cause physical harm to a family or a household member. As I said, this statute, violation of the statute is commonly known as domestic violence statute. Let me explain what some of the terms in that statute mean. Knowingly means a person acts knowingly. Regardless of his purpose, when he is aware

---

Court to the jury, counsel for the Defendant objected to the instruction given on the element of 'knowingly.'

"The basis of the objection was that the instruction guided the jury to consider the mental state of the alleged victim as opposed to the mens rea of the Defendant. The objection was overruled by the trial court. Afterwards, the proceedings continued as indicated by the transcript."

that his conduct will probably cause a certain result. The person has knowledge of circumstances when he is aware that such circumstances probably exist. Since you can not look into the mind of another, knowledge is determined from all the facts and circumstances in evidence. *You will determine from these facts and circumstances whether they're existent at the time in the mind of the defendant. That is, I'm sorry, at the time, in the mind of the complaining witness. That is Linda Murphy. An awareness of the probability that she was afraid that the Defendant would cause physical harm to her.*" (Emphasis added.)

Under R.C. 2919.25(A), the necessary elements of the offense are (1) the accused knowingly (2) caused or attempted to cause (3) physical harm (4) to a family or household member. It is readily apparent that the mental state of the complaining witness was not an element. The jury should not have been so instructed, and that instruction constituted error.

Conceivably, the court through inadvertence or confusion was giving a charge more appropriate for offenses under R.C. 2919.25(C), which is a separate and distinct offense from R.C. 2919.25(A).

R.C. 2919.25(C) reads as follows:

"No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."

An examination of the remainder of the charge does not reflect any correction of the erroneous instruction. Rather, in charging on the portion of the R.C. 2919.25(A) respecting attempt, the jury was instructed to apply the definition of "knowingly" previously given by the court.

On review we have no way to determine how the jury utilized the incorrect instruction. Conceivably, the jury could have found that the victim, Linda Murphy, was afraid that appellant would cause physical harm to her, and on that basis concluded that the element of knowing conduct by appellant was established without reference to other evidence.

The erroneous charge was not a mere technical misstatement but was a positive misdirection of the jury. Under the circumstances, we reject appellee's urging that the error was harmless and hold that it was a substantial error to appellant's prejudice.

Accordingly, the second assignment of error is sustained. The judgment of conviction is reversed and the cause is remanded for a new trial.

*Judgment reversed*
*and cause remanded.*

HARSHA and PETER B. ABELE, JJ., concur.