[Cite as *Evans v. Evans*, 2015-Ohio-378.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| WILLIAM H. EVANS, JR., | : | Case No. 14CA3647 |
| Plaintiff-Appellant, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| CATHI J. EVANS, ET AL., | : | |
| Defendants-Appellees. | : | **RELEASED: 1/30/2015** |

<u>APPEARANCES</u>:

William H. Evans, Jr., Chillicothe, Ohio, pro se appellant.

Harsha, J.

{¶1}   William H. Evans, Jr. is a convicted murderer serving 15 years to life in prison. Evans filed a civil complaint against his ex-wife, Cathi J. Evans, who divorced him in 2002, and his mother, Margaret Evans-Sanford, alleging that neither of them visit him, talk to him, give him money, or tell him anything about their personal lives. He complains that they refuse to give him photographs of family members or residences. He alleges that Cathi and Margaret's decision to disassociate from him constitutes attempted aggravated murder. He is also dissatisfied with the division of marital property in the 2002 divorce decree, and alleges that he should have received a "large portion" of the marital assets.  Finally, he alleges that his father died in 1995 and that in 2001 or 2002, his mother made a subtle and brief mention that he was removed from his parents' will, which Evans contends was illegal. The trial court granted summary judgment in favor of Cathi Evans and Margaret Evans-Sanford and dismissed the complaint.

{¶2}    Evans asserts that the trial court erred when it granted summary judgment against him before he had adequate time for discovery. With the exception of his claim for intentional infliction of emotional distress, which we will address separately below, Evans's ex-wife and mother were entitled to judgment as a matter of law regardless of any facts Evans might assert. That made discovery irrelevant to the action because discovery could not add legitimacy to his case.  Because summary judgment was appropriate, we overrule Evans's first assignment of error.

{¶3}    Next Evans claims that the trial court erred when it applied the affirmative defenses of statute of limitations and estoppel where the defendants failed to raise them in their answers. Because Evans's ex-wife and mother were entitled to judgment as a matter of law without any application of either defense, any purported error concerning affirmative defenses is moot. We overrule Evans's second assignment of error.

{¶4}    Third, Evans again asserts that the trial court erred in denying his motions to compel discovery. The court's rulings on discovery motions are moot based on the same rationale we applied under the first assignment of error.  Thus, we overrule Evans's third assignment of error.

{¶5}    In his fourth assignment of error Evans argues that the trial court erred in granting summary judgment on the actions for intentional infliction of emotional distress, breach of implied contract, abandonment and grandparents rights claims because these claims must be decided by a jury. This contention is meritless because, with the exception of the claim for intentional infliction of emotional distress, Evans failed to plead any viable legal claims in his complaint. On the claim for intentional infliction of emotional distress and breach of implied contract, his only facially viable claims, Evans

failed to meet his burden on summary judgment. Thus, he had no right to a jury trial. We overrule Evans's fourth assignment of error.

{¶6}    In his fifth assignment of error Evans claims that the trial court erred in failing to deem admitted all 26 facts set forth in his request for admissions when defendants failed to respond to them. Once again, the appellees were entitled to judgment as a matter of law based upon the face of the pleadings. So with the exception of the claims for intentional infliction of emotional distress, and breach of implied contract, nothing in request for admissions would have affected that conclusion. Therefore any possible error regarding the admissions is moot. Moreover, even if we deemed the request admitted, they did not raise a genuine issue of material fact that would preclude summary judgment on his claims for intentional infliction of emotional distress and breach of implied contract. Thus, we overrule Evan's fifth assignment of error.

{¶7}    In his sixth and final assignment of error Evans argues that the trial court erred in dismissing his criminal claims without either issuing a warrant or referring them to the prosecution for investigation. Because Evans failed to charge the commission of an offense as provided in R.C. 2935.09(D), he did not properly invoke the criminal jurisdiction of the court.  Therefore, the trial court was not required to comply with the provisions of R.C. 2935.10, i.e., issue a warrant or refer the matter for investigation. Rather, dismissal of the complaint was appropriate. We overrule Evans's sixth assignment of error and affirm the judgment of the trial court.

I. FACTS

{¶8}     William H. Evans, Jr. and Cathi Evans divorced in 2002 after he was incarcerated for domestic violence. Both Cathi and William Evans's mother, Margaret, obtained civil protection orders against Evans in 2002 and 2004. In August 2004, a few months after his mother obtained a civil protection order, Evans brutally beat and fatally strangled a female acquaintance.  A jury convicted Evans of murder and the trial court sentenced him to 15 years to life in prison. He appealed and we affirmed the judgment. See *State v. Evans*, 4th Dist. Scioto No. 05CA3002, 2006-Ohio-2564.  Evans is currently incarcerated at the Ross Correctional Institute.  His attempts to contact appellees over the past ten years have resulted in charges for violating the protection order and a cease and desist order against him.

{¶9}     In 2013 Evans filed a lawsuit against his ex-wife Cathi and his mother, Margaret Evans-Sanford. He alleged that he was married to Cathi and had two sons, who are now adults. Cathi divorced him in 2002 and since that time has had no further association with him. He claims that his incarceration for domestic violence led to his divorce and that Margaret also refused further association with him in 2002 as a result of his acts of domestic violence. Complaint ¶¶1-7 He acknowledges that both appellees obtained civil protection orders against him in 2002 and 2004. And he admits additional charges for violation of the protection orders and a cease and desist order occurred because he continued in his attempts to contact his ex-wife, mother, and children. He also alleges he was unable to contact his two sons. Complaint ¶8.

{¶10}  Evans makes vague allegations concerning his purported inheritance. He claims, "In 2001-2002, there was a subtle and brief mention by Margaret, that William was cancelled out of the will (of his father and mother). William is unsure whether there

is any truth to that, but to be sure he assumes there is." Complaint ¶9. He states that any such changes to his parents' will would be illegal and void.  He alleges that he is positive that when his father died in 1995 he was the only heir to his father's will.  He claims that any such changes would constitute a felony under R.C.2913.42.  Complaint ¶9.

**{¶11}**  Evans claims that the division of marital property "was also counter to law, as it was to be 'EQUAL' under O.R.C. §3105.171; and at any rate William was to get at least a large portion. . . ." Complaint ¶10.

**{¶12}**  And Evans alleges that appellees' decisions to physically, emotionally, and financially disassociate from him were made intentionally and knowingly and are an ongoing source of mental anguish and emotional distress to him.  He further states that he has no contact with his two adult sons and, "if it turns out that Cathi and Margaret [did] actually turn them against him . . . then that means the damages is uncorrectable" and constitutes irreparable harm. Complaint ¶11 (brackets in original).

**{¶13}**  Evans further claims that appellees' decisions to physically, emotionally, and financially disassociate themselves from him constitutes attempted aggravated murder under R.C. 2923.02 and R.C. 2903.01. Complaint ¶12.

**{¶14}**  Finally, Evans alleges that appellees have attempted to mislead him about their whereabouts and told others who then subsequently told Evans that the family was residing in Illinois. As a result, Evans filed a federal lawsuit in the United States District Court, Central District of Illinois seeking their whereabouts. He has had other inmates' family members obtain information about appellees and his two adult sons through

internet social media sites. He claims that his belief that appellees had moved to Illinois tolls any applicable statute of limitations. Complaint ¶13.

{¶15} In his prayer for relief he demanded judgment against appellees in the sum of $1 million, the issues with the will be "resolved according to law," appellees "step forward" and financially assist him, he receive photographs of appellees and their houses, he receive all contact information for his two adult sons, "closed doors be opened" to facilitate resolution of his claims, and he receive grandparent rights for any grandchildren that may exist. His complaint was verified and included a request for a jury trial.

## II. ASSIGNMENTS OF ERROR

{¶16} Evans assigns the following errors for our review:

I.      Whether the trial court erred when it granted summary judgment against him when he had no adequate time for discovery.

II.     Whether the trial court erred in applying the defenses of statute of limitations and estoppel for the benefit of the defendants where the defendants waived these defenses by failing to raise them in their answers.

III.    Whether the trial court erred in denying his motions to compel discovery.

IV.     Whether the trial court erred in determining the issues of infliction of emotional distress, breach of implied contract, abandonment and grandparents rights claims because he argues that these claims must be determined by a jury.

V.      Whether the trial court erred in failing to deem all 26 facts set forth in his request for admissions as admitted when defendants failed to respond to them.

VI.     Whether the trial court erred in dismissing his criminal claims without either issuing a warrant or referring them to the prosecution for investigation.

## III. LAW AND ANALYSIS

### A. First & Fourth Assignments of Error

**{¶17}** Evans contends that the trial court erred when it granted summary judgment against him without allowing him adequate time for discovery. In his fourth assignment of error he argues the trial court improperly granted summary judgment and denied him his right to a jury trial. We will consider these assignments of error together.

**{¶18}** In granting defendants' summary judgment motion, the trial court found that the "complaint alleges no causes of action which are cognizable claims under Ohio law in this action." The court placed Evans's claims into four main categories: (1) probate claims concerning Evans's father's will and arising from his death in 1995; (2) domestic relations claims concerning his 2002 divorce proceedings; (3) criminal claims; and (4) tort claims. In addition to finding that the complaint failed to state a claim upon which relief can be granted, the trial court dismissed the probate and domestic relations claims on several alternative grounds: (1) the probate and domestic relation courts have jurisdiction over will contests and divorces and (2) any claims related to the 1995 probate estate or the 2002 divorce would be barred by the applicable statutes of limitations. The trial court found Evans's criminal claim for attempted murder to be baseless. Finally, the trial court found no statement of any claim upon which relief can be granted on Evans's claim for intentional infliction of emotional distress.

**{¶19}** The trial court also denied Evans's motion to compel discovery because discovery could not add legitimacy to the merits of his case:

> The Court finds that neither the answers to such interrogatories nor the requests for admissions, even if admitted, would add anything to Plaintiff's Complaint and his claims and causes of action therewith which would render any of his claims to

be such as would entitle him to any relief under Ohio Law, having construed the Complaint and all claims thereunder in a light most favorable to the Plaintiff.

### 1. STANDARD OF REVIEW

**{¶20}** Appellate review of summary judgment decisions is de novo, governed by the standards of Civ.R. 56. *Vacha v. N. Ridgeville*, 136 Ohio St.3d 199, 2013-Ohio-3020, 992 N.E.2d 1126, ¶ 19. Summary judgment is appropriate if the party moving for summary judgment establishes that (1) there is no genuine issue of material fact, (2) reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made and (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56; *New Destiny Treatment Ctr., Inc. v. Wheeler*, 129 Ohio St.3d 39, 2011-Ohio-2266, 950 N.E.2d 157, ¶ 24; *Chase Home Finance, LLC v. Dunlap*, 4th Dist. Ross No. 13CA3409, 2014-Ohio-3484, ¶ 26.

**{¶21}** The moving party has the initial burden of informing the trial court of the basis for the motion by pointing to summary judgment evidence and identifying the parts of the record that demonstrate the absence of a genuine issue of material fact on the pertinent claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996); *Chase Home Finance* at ¶ 27. Once the moving party meets this initial burden, the non-moving party has the reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue remaining for trial. *Dresher* at 293.

### 2. DISASSOCIATION

**{¶22}** After an independent review of Evans's complaint, Appellees' motion for summary judgment, and Evans's opposition to the motion, we agree that there is no genuine issue of material fact, reasonable minds can come to but one conclusion, which is adverse to Evans, and Appellees are entitled to judgment as a matter of law. Even if

everything that Evans has alleged is true, appellees are under no legal obligation to associate with him, communicate with him, provide financial or emotional support to him, or give him any information about their personal lives. *Castle v. Castle,* 15 Ohio St.3d 279, 473 N.E.2d 803 (1984)( a parent's duty to support a child ends when the child reaches the age of majority); *Bentz v. Bentz,* 171 Ohio State 535, 173 N.E.2d 129 (1961)(a spouse's marital obligations are terminated by divorce and replaced by the divorce decree). Appellees are not liable for the emotional distress he claims he suffers as a result of their decision to disassociate themselves from him. Appellees demonstrated the absence of a genuine issue of material fact on this tort claim and Evans failed to meet his reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue remaining for trial. The only facts he alleged were the appellees' decisions to disassociate from him. The trial court correctly concluded that the appellees have every right to choose to separate themselves and their lives from Evans. Nothing in his requests for discovery could have altered that conclusion. Therefore the court properly dismissed all his purported tort claims on summary judgment.

### 3. 2002 DIVORCE

**{¶23}** Evans failed to state any claim for relief against his mother concerning the 2002 divorce decree and the division of marital property as she is not his spouse. Turning to his ex-wife, he claims that he should have received a larger portion of marital property and the division was unlawful. However, the remedy for any alleged errors in the divorce decree was a timely appeal of the decree. Res judicata precludes Evans from bringing a civil claim against his ex-wife eleven years later in a court of common

pleas to obtain a different division of marital property. Moreover, the Domestic Relations

Division, not the General Division, of the Court of Common Pleas has jurisdiction over

divorce actions. Discovery would not have altered these conclusions. Therefore,

summary judgment was appropriate in this claim.

### 4. PROBATE MATTERS

**{¶24}** Evans also fails to state any viable claim concerning his father's will. He

alleges that his father died in 1995, but he makes no allegations that any wrongful acts

concerning his father's will occurred prior to his death, at the time of his father's death,

or during the six or seven years following it.  He states that he does not know if any

changes to his parents' wills occurred, but he assumes that there may have been some

illegal changes. His assumption is based on his understanding that, at some point in

either 2001 or 2002, his mother made "a subtle and brief mention" that he was

"cancelled" out of the will of his father and mother. Complaint ¶9. Even if we accept the

allegations of his complaint as being true, we cannot construe any possible civil claim

for relief. And we also agree with the trial court that to the extent any possible claim

concerning his father's will exists, jurisdiction over it lies with a probate court. We

address any alleged error related to the felony allegation of tampering when we address

his sixth assignment of error, which concerns the trial court's failure to act on his

criminal complaint. Summary judgment and/or outright dismissal for lack of jurisdiction

was appropriate in this claim also.

**{¶25}** The trial court properly denied Evans's request for discovery, and granted

summary judgment in favor of appellees. Because summary judgment was appropriate

on his tort and contract claims, he had no right to a jury trial. *Houk v. Ross*, 34 Ohio

St.2d 77, 296 N.E.2d 266 (1973)(an individual's right to a jury trial is not violated by the proper granting of a summary judgment motion). We overrule Evans's first and fourth assignments of error.

### B. Assignments of Error Two, Three, & Five

**{¶26}** Evans's second, third, and fifth assignments of error are moot as a result of our disposition of the first and fourth assignments of error. See App.R.12(A)(1)(c).

### C. Assignment of Error Six

**{¶27}** In his sixth assignment of error Evans argues that the trial court erred in dismissing his criminal claims without either issuing a warrant or referring them to the prosecution for investigation as provided in R.C. 2935.10. Evans identifies two felonies in his complaint: (1) tampering with records under R.C. 2913.42 and (2) attempted aggravated murder under R.C. 2923.02 and R.C. 2903.01. However, he fails to properly charge the commission of an offense for either tampering with records or for attempted aggravated murder.

**{¶28}** Under the Ohio Rules of Criminal Procedure the complaint is the basic charging document. A complaint forms the essential basis for invoking the trial court's jurisdiction. *State v. Robinette,* 118 Ohio App.3d 450, 455, 693 N.E.2d 305,307 (4th Dist. 1997). Although a complaint need not state all the specific facts that would sustain the charge, it must contain all the elements of the charged offense. *State v. Pepka,* 125 Ohio St.3d 124, 127, 926 N.E.2d 611, 614 (2010) citing *Harris v. State,* 125 Ohio St. 257, 181 N.E. 104 (1932); Katz, Martin, Lipton, Giannelli & Crocker, *Baldwin's Ohio Practice, Criminal Law,* Section 35:1 (3rd Ed. 2013).

{¶29}  R.C. 2935.09 provides a private citizen with the means to charge another individual with a crime by filing an affidavit with (1) a judge, magistrate, or clerk of court of record or (2) the prosecuting attorney. Here, Evans filed a verified civil complaint with the clerk of court. In *State ex rel. Brown v. Jeffries,* 4th Dist. Ross App. No. 11CA3275, 2012-Ohio-1522, we held that where a private citizen charges a criminal offense as set forth in R.C. 2935.09(D) and the offense is a felony, R.C. 2935.10(A) requires the judge, clerk, or magistrate to either issue a warrant for the arrest of the person charged in the affidavit or refer the matter to the prosecuting attorney. Here, Evans's complaint does not set forth the elements of the charged offenses. He states no cause of action for either tampering with records or attempted aggravated murder based on the facts in the verified complaint.

{¶30}  We turn first to the alleged tampering with his father's will. Evans stated that he had no personal knowledge and was assuming tampering had occurred based upon a "subtle and brief mention" by his mother six or seven years after his father's death that Evans was "cancelled" out of the will.  Those allegations fail to charge the offense of tampering with records under R.C. 2913.42.[1]

{¶31}  Evans also failed to charge the commission of attempted aggravated murder.  The only factual allegations he makes in that regard are that the appellees

---

[1] The relevant section of R.C. 2913.42 states: (A) No person, knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud, shall do any of the following:
(1) Falsify, destroy, remove, conceal, alter, deface, or mutilate any writing, computer software, data, or record;
(2) Utter any writing or record, knowing it to have been tampered with as provided in division (A)(1) of this section.
(B)(1) Whoever violates this section is guilty of tampering with records.
(2) Except as provided in division (B)(4) of this section, if the offense does not involve data or computer software, tampering with records is whichever of the following is applicable:
(a) If division (B)(2)(b) of this section does not apply, a misdemeanor of the first degree;
(b) If the writing or record is a will unrevoked at the time of the offense, a felony of the fifth degree.

disassociated from him and he has suffered emotionally as a result. Such conduct does not constitute attempted aggravated murder. *See* R.C. 2903.01.[2]

**{¶32}** Evans must comply with R.C. 2935.09(D) before a judge has any duty to act under R.C. 2935.10. Because Evans failed to charge the commission of a felony, the trial court had no duty to issue a warrant or refer the matter to the prosecutor. In other words, Evans's complaint/affidavit failed to invoke the criminal jurisdiction of the court. Although the Ohio Rules of Criminal Procedure do not provide for summary judgment, Crim. R. 12(C)(2) allows any party or the court to address a failure to charge an offense. *State v. Mbodji,* 129 Ohio St.3d 325, 329, 2011-Ohio-2880, 951 N.E.2d 1025, 1029 (2011)(defects in a private citizen's complaint are properly addressed through a Crim R. 12(C) motion). Thus, dismissal of the criminal allegations was appropriate even though summary judgment was not the correct procedural device to obtain that result. Nonetheless, any error in the court's procedure was harmless beyond a reasonable doubt. We overrule the sixth assignment of error.

## IV. CONCLUSION

---

[2] R.C. 2903.01 states: (A) No person shall purposely, and with prior calculation and design, cause the death of another or the unlawful termination of another's pregnancy.

(B) No person shall purposely cause the death of another or the unlawful termination of another's pregnancy while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, kidnapping, rape, aggravated arson, arson, aggravated robbery, robbery, aggravated burglary, burglary, trespass in a habitation when a person is present or likely to be present, terrorism, or escape.

(C) No person shall purposely cause the death of another who is under thirteen years of age at the time of the commission of the offense.

(D) No person who is under detention as a result of having been found guilty of or having pleaded guilty to a felony or who breaks that detention shall purposely cause the death of another.

(E) No person shall purposely cause the death of a law enforcement officer whom the offender knows or has reasonable cause to know is a law enforcement officer when either of the following applies:

(1) The victim, at the time of the commission of the offense, is engaged in the victim's duties.

(2) It is the offender's specific purpose to kill a law enforcement officer.

(F) Whoever violates this section is guilty of aggravated murder, and shall be punished as provided in section 2929.02 of the Revised Code.

(G) As used in this section:

(1) "Detention" has the same meaning as in section 2921.01 of the Revised Code.

(2) "Law enforcement officer" has the same meaning as in section 2911.01 of the Revised Code.

**{¶33}** The trial court properly entered summary judgment for appellees on all the civil claims in Evans's complaint, because there was no genuine issue of material fact, the only reasonable conclusions are adverse to Evans, and the appellees were entitled to judgment as a matter of law. Dismissal as a matter of law was also appropriate for the improper attempt to invoke the trial court's criminal jurisdiction under R.C. 2935.09 et seq.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & McFarland, J.:  Concur in Judgment and Opinion.


                                    For the Court



                                    BY: _____
                                        William H. Harsha, Judge



                                **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**