[Cite as *State v. Bergandine*, 2020-Ohio-2922.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 19 CAC 10 0054 |
| | : | |
| ALYSON S. BERGANDINE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Delaware Municipal
                                 Court, Case No. 19CRB01833

JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:          May 12, 2020

APPEARANCES:

For Plaintiff-Appellee:                  For Defendant-Appellant:

AMELIA BEAN-DEFLUMER                      ALYSON S. BERGANDINE, PRO SE
ASSISTANT PROSECUTING ATTORNEY           175 S. SANDUSKY STREET
DELAWARE CITY PROSECUTOR                  DELAWARE, OHIO 43015
70 NORTH UNION STREET
DELAWARE, OHIO 43015

*Delaney, J.*

{¶1}   Defendant-Appellant Alyson S. Bergandine appeals her October 8, 2019 conviction and sentence by the Delaware Municipal Court for a violation of 192.99(d)(13) of the Codified Ordinances of the City of Delaware.

{¶2}   Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶3}   One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶4}   This appeal shall be considered in accordance with the aforementioned rules.

## FACTS AND PROCEDURAL HISTORY

{¶5}   On August 1, 2019, W.S. Clinger, an employee of the City of Delaware Income Tax Department, filed a Complaint with the Delaware Municipal Court against Defendant-Appellant Alyson S. Bergandine. The complaint alleged:

Complainant being duly sworn states that Alyson Bergandine on or about

the 8th day of JULY, 2019, in Delaware County, Ohio, did attempt to do

anything whatsoever to avoid the payment of the whole or any part of the

tax, penalties, or interest imposed by Chapter 192 of the Delaware Codified Ordinances, to wit: Failure to File/Failure to Pay 2016 & 2017 Delaware City Income Taxes. In violation of No. <u>192.99(d)(13) Del. Cod. Ord., 4th degree misdemeanor.</u>

{¶6}   The Delaware Municipal Court clerk of court signed the complaint as sworn and subscribed before her on August 1, 2019. The complaint was served by certified mail on Bergandine on August 5, 2019.

{¶7}   On August 26, 2019, Bergandine entered a written plea of not guilty. She also demanded that her case be tried within the time required by law. The trial court set the matter for a pretrial on September 9, 2019. At the pretrial, Bergandine signed a written waiver of her right to an attorney. On September 13, 2019, the matter was set for a jury trial to be held on September 17, 2019. The scheduling order noted it was served by telephone and email.

{¶8}   Bergandine filed a Request for Leave to File Pre-Trial Motions Out of Rule on September 16, 2019. In her motion, she acknowledged on September 13, 2019, she received email notice from the State that a jury trial was scheduled for September 17, 2019. She requested leave to file a Crim.R. 12(C) Motion to Dismiss.

{¶9}   The Crim.R. 12(C) Motion to Dismiss was filed on September 16, 2019. In her motion, she argued the Complaint was not valid because the complainant, W.S. Clinger, was not authorized to file the complaint, and therefore the trial court did not have subject matter jurisdiction over the criminal matter.

{¶10} On September 17, 2019, Bergandine filed a Motion for Continuance for additional time to prepare her defense. The trial court granted the motion. The jury trial was continued to October 8, 2019.

{¶11}  The trial court held an evidentiary hearing on September 17, 2019 on Bergandine's Motion to Dismiss. On October 1, 2019, Bergandine filed a "Supplement and Motion to Reconsider Defendant's Criminal Rule 12 Motion to Dismiss or in the Alternative Defendant's Request for Written Findings of Fact and Conclusions of Law." In the motion, Bergandine refers to a transcript of the hearing but Bergandine did not submit a transcript of the hearing with her appeal. According to her motion, the trial court denied her Motion to Dismiss on the record.

{¶12} On October 1, 2019, the trial court denied Bergandine's motion to reconsider. The judgment entry referred to the September 17, 2019 hearing, "I heard evidence and arguments on the motion to dismiss on September 17, 2019. At the conclusion of the hearing I denied the motion to dismiss and stated the reasons therefore. I need not state any additional reasons and see no reason to reconsider the decision."

{¶13} Bergandine filed a Motion to Suppress Evidence on October 3, 2019. She moved to suppress the Complaint based on the same issues raised in her Crim.R. 12(C) Motion to Dismiss. She also argued to suppress evidence, "which consists of a screen shot of electronic notes kept by the tax dept, some notices purportedly sent to the Defendant by the tax dept, and the Defendant's water account information." (Motion to Suppress Evidence, Oct. 3, 2019).

{¶14} The State responded to the Motion to Suppress with two memorandums. The first memorandum responded to the merits of Bergandine's Motion to Suppress. The

second memorandum argued that Bergandine's Motion to Suppress was untimely filed pursuant to Crim.R. 12(D).

{¶15} On October 7, 2019, Bergandine filed Proposed Jury Instructions. The State also filed its Proposed Jury Instructions.

{¶16} A jury trial was held on October 8, 2019. The jury found Bergandine guilty of attempting to Avoid Payment of Income Tax to the City of Delaware, in violation of §192.99(d)(13) of the Codified Ordinances of the City of Delaware. The trial court sentenced Bergandine to pay $200 in fines, suspended upon payment of court costs; 15 days in jail, suspended upon filing of City of Delaware Income Tax Returns within 90 days; and one year of community control.

{¶17} Bergandine filed a notice of appeal on October 14, 2019. She also filed a motion to stay sentence, which the trial court granted.

## ASSIGNMENTS OF ERROR

{¶18} Bergandine raises nine Assignments of Error:

{¶19} "I. THE TRIAL COURT ERRED IN FINDING THAT MR. CLINGER WAS A PRIVATE CITIZEN AND DENYING THE APPELLANT'S SEPTEMBER 16, 2019 MOTION TO DISMISS.

{¶20} II. THE TRIAL COURT ERRED IN FINDING THAT W.S. CLINGER WAS AUTHORIZED TO FILE CRIMINAL COMPLAINTS PURSUANT TO CRIMINAL RULE 3.

{¶21} III. THE TRIAL COURT ERRED IN FINDING THAT THE COMPLAINT WAS SUFFICIENT AND MET THE REQUIREMENTS SET FORTH IN R.C. 2935.17 AND THE OHIO CONSTITUTION, ARTICLE IV. §20.

{¶22} IV. THE TRIAL COURT ERRED IN PROCEEDING IN THE MATTER WITHOUT JURISDICTION.

{¶23} V. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO GIVE THE APPELLANT REASONABLE NOTICE OF THE SEPTEMBER 17, 2019 TRIAL DATE.

{¶24} VI. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ADMITTING A PRIOR PLEA INTO EVIDENCE BEFORE THE JURY, VIOLATING EVIDENTIARY RULE 410.

{¶25} VII. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT OMITTED THE APPELLANT'S JURY INSTRUCTION FOR CRIMINAL LIABILITY UNDER R.C. 2901.21.

{¶26} VIII. THE COURT ABUSED ITS DISCRETION BY REFUSING TO PROVIDE WRITTEN FINDINGS OF FACT AND CONCLUSIONS OF LAW IN RESPONSE TO APPELLANT'S MOTION FOR RECONSIDERATION AND WRITTEN FINDINGS OF FACT AND CONCLUSIONS OF LAW.

{¶27} IX. THE COURT ERRED WHEN IT ALLOWED W.S. CLINGER, A NON-ATTORNEY, TO PREPARE, DRAFT, AND FILE LEGAL DOCUMENTS ON BEHALF OF THE STATE OF OHIO IN VIOLATION OF THE STATUTORY PROHIBITION ON THE UNAUTHORIZED PRACTICE OF LAW."

**ANALYSIS**

**I. – IV. And IX.**

{¶28} For ease of discussion, we consider Bergandine's first, second, third, fourth, and ninth Assignments of Error together. In these Assignments of Error, she raises the

argument that the trial court erred when it denied her Crim.R. 12(C) Motion to Dismiss. Crim. R. 12(C) states that any objection based on defects in the institution of the prosecution must be raised by pretrial motion. Her Crim.R. 12(C) motion alleges the Complaint was not valid under Crim.R. 3 and therefore did not invoke the subject matter jurisdiction of the trial court. Upon review of the record before us, we disagree.

**Crim.R. 3**

{¶29} We begin our analysis with Crim.R. 3, which governs the requirements of a valid complaint in Ohio. Crim.R. 3 states, in its entirety: "The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."

{¶30} The Eleventh District Court of Appeals analyzed the requirements of Crim.R. 3 in *State v. Patterson*, 11th Dist. Trumbull No. 96–T–5439, 1998 WL 310737 (May 22, 1998). The court stated there are three requirements for a complaint to be valid under Crim.R. 3:

First, the complaint must set forth a written statement of the facts that constitute the essential elements of the offense charged. The essential elements of a given offense are those facts which must be proven to obtain a conviction of the accused. The complainant does not need to have personal knowledge of the facts stated in the complaint, but rather must only have reasonable grounds to believe that the defendant committed the crime charged. The second requirement is that the complaint must state the numerical designation of the Revised Code section or municipal ordinance

which the defendant allegedly violated. Finally, the third requirement is that

the complaint must be made under oath before any person authorized by

law to administer oaths.

*State v. Jones*, 11th Dist. Portage No. 2010-P-0051, 2011-Ohio-5109, 2011 WL 4553117,

¶ 16 citing *Patterson* at *7.

{¶31} The charging complaint in this case satisfies the three requirements of

Crim.R. 3. First, it sets forth a written statement of the facts constituting the essential

elements of the offense charged. Second, the Complaint states the numerical section of

the municipal ordinance. The Complaint states:

Complainant being duly sworn states that Alyson Bergandine on or about

the 8th day of JULY, 2019, in Delaware County, Ohio, did attempt to do

anything whatsoever to avoid the payment of the whole or any part of the

tax, penalties, or interest imposed by Chapter 192 of the Delaware Codified

Ordinances, to wit: Failure to File/Failure to Pay 2016 & 2017 Delaware City

Income Taxes. In violation of No. 192.99(d)(13) Del. Cod. Ord., 4th degree

misdemeanor.

Third, the Complaint was made under oath by a person authorized by law to administer

oaths. The Complaint was sworn before the Clerk of Court for the Delaware Municipal

Court. "The primary purpose of the charging instrument in a criminal prosecution is to

inform the accused of the nature of the offense with which he or she is charged." *State v.*

*Jones*, 2011-Ohio-5109, ¶ 21 quoting *City of Cleveland v. Simpkins*, 2011-Ohio-1249,

192 Ohio App.3d 808, 950 N.E.3d 982, ¶ 6 (8th Dist.). The instant Complaint clearly

informed Bergandine of the nature of the offense with which she was charged. The Complaint is valid under Crim.R. 3.

### Subject Matter Jurisdiction

{¶32} Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases. *State v. Haddix*, 5th Dist. Stark No. 2018CA00035, 2018-Ohio-2833, 2018 WL 3458267, ¶ 5, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). "Subject matter jurisdiction defines the power of the court over classes of cases it may or may not hear. If a subject case falls within the class of cases over which the court has subject matter jurisdiction, it is properly before the court. It is a function of constitutional or legislative entitlement; it is not a function of the charging instrument. In criminal matters the inquiry is whether the court is the proper forum to hear this type of case." (Emphasis added.) *State v. Jones*, 11th Dist. Portage No. 2010-P-0051, 2011-Ohio-5109, 2011 WL 4553117, ¶ 23 citing *State ex rel. Davet v. Pianka* (Sept. 16, 1999), 8th Dist. No. 76337, 1999 Ohio App. LEXIS 4456, *12, 1999 WL 754511 citing *State v. Swiger* (1998), 125 Ohio App.3d 456, 708 N.E.2d 1033 appeal dismissed (1998), 82 Ohio St.3d 1411, 694 N.E.2d 75. A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998); *Handy v. Ins. Co.*, 37 Ohio St. 366, 370 (1881). *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19 (2014).

{¶33} This matter was brought before the Delaware Municipal Court. Municipal courts are created by statute and their subject matter jurisdiction is set by statute. *State v. Jones*, 11th Dist. Portage No. 2010-P-0051, 2011-Ohio-5109, 2011 WL 4553117, ¶ 24

citing *Cheap Escape Co. v. Haddox, L.L.C.,* 120 Ohio St.3d 493, 900 N.E.2d 601, 2008–Ohio-6323, ¶ 7, citing R.C. 1901.01. In criminal matters, the statute provides that a municipal court has subject matter jurisdiction over misdemeanors committed within its territorial jurisdiction. *See* R.C.1901.20(A)(1) ("[t]he municipal court has jurisdiction of * * * the violation of any misdemeanor committed within the limits of its territory.") The filing of a valid complaint pursuant to Crim.R. 3 against a defendant invokes the jurisdiction of a municipal court. *City of Zanesville v. Rouse*, 126 Ohio St.3d 1, 929 N.E.2d 1044, 2010–Ohio–2218, ¶ 4–5; *State v. Mbodji*, 129 Ohio St.3d 325, 951 N.E.2d 1025, 2011–Ohio-2880, ¶ 12. *See, also, State v. Robinette* (1997), 118 Ohio App.3d 450, 454–455, 693 N.E.2d 305, citing *New Albany v. Dalton* (1995), 104 Ohio App.3d 307, 661 N.E.2d 1132. *See, also, In re Burton S.* (1999), 136 Ohio App.3d 386, 391, 736 N.E.2d 928.

{¶34} The Complaint charging Bergandine with failure to file city income taxes was valid on its face pursuant to Crim.R. 3. Thus, the subject matter jurisdiction of the Delaware Municipal Court was properly invoked upon the filing of the Complaint.

### Authority to File the Complaint

{¶35} Bergandine argues the trial court erred in finding Clinger, as a municipal employee of the Income Tax Department, had authority to file the Complaint. She contends Clinger was not a private citizen or peace officer; therefore, under R.C. 2935.09, he could not file the Complaint against Bergandine.

{¶36} The General Assembly amended R.C. 2935.09, effective June 30, 2006. Am.H.B. No. 214, 151 Ohio Laws, Part III, 5973. The current version of the statute states, in pertinent part:

(A) As used in this section, 'reviewing official' means a judge of a court of record, the prosecuting attorney or attorney charged by law with the prosecution of offenses in a court or before a magistrate, or a magistrate.

(B) In all cases not provided by sections 2935.02 to 2935.08 of the Revised Code, in order to cause the arrest or prosecution of a person charged with committing an offense in this state, a peace officer or a private citizen having knowledge of the facts shall comply with this section.

(C) A peace officer who seeks to cause an arrest or prosecution under this section may file with a reviewing official or the clerk of a court of record an affidavit charging the offense committed.

(D) A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. * * * ”

{¶37} Under the current version of the statute, a "peace officer" may still "cause prosecution" by filing an affidavit with a "reviewing official" (i.e., a judge or a prosecutor) or the clerk of a court. R.C. 2935.09(C). However, a private citizen, to "cause prosecution," now must file an affidavit with a "reviewing official" for the purpose of review to determine if a complaint should be filed by the prosecutor. *State v. Jones*, 2011-Ohio-5109, ¶ 41 citing R.C. 2935.09(D).

{¶38} The trial court determined that Clinger was acting as a "private citizen" acting on behalf of the Income Tax Department when he filed the Complaint. In *State v. Jones*, the Eleventh District Court of Appeals reviewed the issue of whether a Dog Warden could be considered a "private citizen" for purposes of filing a criminal complaint when acting on behalf of the Dog Warden's Office. 2011-Ohio-5109, ¶ 51. Similarly, in *State v. Shutway*, 2nd Dist. Champaign No. 2014-CA-10, 2015-Ohio-2433, ¶ 20, the court reviewed whether a Health Inspector was a "private citizen" acting on behalf of the Health Department when he filed a complaint for failure to vacate property. *Id*. The issue in both courts was whether the Dog Warden and Health Inspector complied with the proper procedures under R.C. 2935.09(D) when they filed the complaints. The courts, however, determined in both cases that the defendants had waived the issue because they failed to raise the matter before trial pursuant to Civ.R. 12(C). *Shutway*, 2015-Ohio-2433, ¶ 22; *Jones*, 2011-Ohio-5109, ¶ 51.

{¶39} In the present case, Bergandine raised the issue of whether Clinger was a private citizen or peace officer in her Crim.R. 12(C) motion filed prior to trial. An evidentiary hearing was held by the trial court on September 17, 2019. We have determined from the appellate briefs that at the hearing, the State presented evidence from the Delaware City Prosecutor and Clinger that they complied with the procedures of R.C. 2935.09(D) with the filing of the Complaint. The trial court denied Bergandine's Crim.R. 12(C) motion at the conclusion of the September 17, 2019 hearing. The trial court issued a judgment entry on October 1, 2019 denying Bergandine's motion to reconsider the issue. In the entry, the trial court stated it made its essential findings on the record.

{¶40} Bergandine did not file with her appeal the written transcript of the September 17, 2019 hearing at which evidence was presented on whether Clinger complied with the procedures of R.C. 2935.09(D) upon filing of the Complaint. Pursuant to App.R. 9(B)(1), "[i]t is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." Upon Bergandine's failure to file a written transcript of the hearing where it was determined that the City of Delaware and Clinger complied with proper procedures for the filing of the Complaint against Bergandine, we must presume the regularity of the proceedings before the trial court and affirm its decision to deny Bergandine's Crim.R. 12(C) motion on the issue of Crim.R. 3. *See, e.g., State v. Myers,* Richland App. No. 2003CA0062, 2004–Ohio–3715, ¶ 14, citing *Knapp v. Edwards Laboratories.* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384.

{¶41} We overrule Bergandine's first, second, third, fourth, and ninth Assignments of Error.

**V**.

{¶42} In her fifth Assignment of Error, Bergandine contends the trial court abused its discretion by failing to give her reasonable notice of the original September 17, 2019 trial date. The State acknowledges that Bergandine did not receive service of notice of the trial date until September 13, 2019.

{¶43} We find any prejudice due to lack of timely notice was harmless, however, because on September 17, 2019, Bergandine requested the trial court continue the trial

date. The trial court granted the continuance and the matter was set for trial on October 8, 2019.

{¶44} Bergandine's fifth Assignment of Error is overruled.

**VI.**

{¶45} Bergandine argues in her sixth Assignment of Error that the trial court committed prejudicial error by admitting a prior plea into evidence before the jury, violating Evid.R. 410. At trial, the State submitted as evidence a prior written not guilty plea in which Bergandine had signed her name and provided a City of Delaware address. In its appellate brief, the State asserts there was "an extensive discussion between the parties and the trial court regarding what should be redacted from the document." Bergandine allegedly agreed with the redactions and did not object to the admission of the redacted copy. The redacted copy of the written guilty plea was submitted as State's Exhibit 4.

{¶46} A trial court possesses broad discretion with respect to the admission of evidence and an appellate court will not disturb evidentiary rulings absent an abuse of discretion that produced a material prejudice to the defendant. (Citation omitted.) *State v. Roberts*, 156 Ohio App.3d 352, 2004-Ohio-962, 805 N.E.2d 594, ¶ 14 (9th Dist.). "Abuse of discretion" connotes more than a mere error of law or judgment, instead requiring a finding the trial court's decision was unreasonable, arbitrary, or unconscionable. *In re Consol. Mtge. Satisfaction Cases*, 97 Ohio St.3d 465, 2002-Ohio-6720, 780 N.E.2d 556, ¶ 5, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140 (1983). When applying an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

{¶47} In support of her appeal, Bergandine submitted a video disc of the jury trial held on October 8, 2019. Pursuant to App.R. 9(B)(1), "[i]t is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." A video recording is insufficient for appellate review pursuant to App.R. 9. *See State v. Lisac*, 11th Dist. Geauga No. 2012-G-3056, 2012-Ohio-5224, ¶ 2. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Knapp v. Edwards Lab.*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). We have no record upon which review the trial court's resolution of the evidentiary issue allegedly raised at trial. Pursuant to *Knapp*, we presume the validity of the trial court's admission of State's Exhibit 4 and overrule Bergandine's sixth Assignment of Error.

**VII.**

{¶48} In her seventh Assignment of Error, Bergandine contends the trial court erred when it omitted her proposed jury instructions. We disagree.

{¶49} Crim.R. 30(A) states:

(A) Instructions; Error; Record. At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury

complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. The court shall reduce its final instructions to writing or make an audio, electronic, or other recording of those instructions, provide at least one written copy or recording of those instructions to the jury for use during deliberations, and preserve those instructions for the record.

On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.

{¶50} Bergandine does not point to the record where she objected to the jury instructions pursuant to Crim.R. 30(A). Accordingly, she may not assign as error the failure to give an instruction.

{¶51} Bergandine's seventh Assignment of Error is overruled.

**VIII.**

{¶52} In her eighth Assignment of Error, Bergandine argues the trial court erred when it declined to issue written findings of fact and conclusions of law in regards to her Crim.R. 12(C) motion. Bergandine states the trial court was required to issue written findings of fact and conclusions of law pursuant to Crim.R. 12(F), which states, "Where factual issues are involved in determining a motion, the court shall state its essential findings on the record." As the trial court stated in its October 1, 2019 judgment entry denying Bergandine's motion to reconsider, it stated its reasons for denying the Crim.R.

12(C) on the record at the September 17, 2019 evidentiary hearing. Bergandine did not submit a written transcript of that hearing with her appeal.

{¶53} We find no prejudicial error by the trial court. Bergandine's eighth Assignment of Error is overruled.

## CONCLUSION

{¶54} The judgment of the Delaware Municipal Court is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.